**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **RUTH NULL,** *on behalf of herself and all others similarly situated,* | ) | Case No. 3:25-cv-2487 |
| Named Plaintiff, | ) | Judge Jeffrey J. Helmick |
| v. | ) | **JURY DEMAND ENDORSED HEREON** |
| **ENVASES OHIO, LLC,** C/O Statutory Agent CT Corporation System 4400 Easton Commons Way, Suite 125 Columbus, Ohio 43219, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now comes Named Plaintiff Ruth Null ("Named Plaintiff"), *individually and on behalf of all others similarly situated*, by and through undersigned counsel, with her First Amended Collective and Class Action Complaint against Defendant Envases Ohio, LLC ("Defendant") for Defendant's willful failure to pay Named Plaintiff and other similarly situated employees overtime wages as well as its willful failure to comply with all other requirements of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15. The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b), and the OPPA claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. INTRODUCTION

1. The FLSA is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA requires companies such as Defendant to pay all non-exempt employees at least one-and-one-half times (1.5x) their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Ohio law further requires Defendant to pay all wages to its hourly, non-exempt employees in a timely manner. *See* O.R.C. § 4113.15(A)–(B).

2. Named Plaintiff brings this Collective and Class Action Complaint to challenge the policies and practices of Defendant that violate the FLSA, 29 U.S.C. §§ 201–19, and the OPPA, O.R.C. § 4113.15, in order to recover unpaid wages and other damages from Defendant.

3. As to Count I, Named Plaintiff seeks to prosecute FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (hereinafter the "FLSA Collective," as defined below).

4. As to Count II, Named Plaintiff also brings this case as a class action under Federal Rule of Civil Procedure 23 on behalf of herself and other members of a class of persons who assert claims under the OPPA (hereinafter the "State Law Class," as defined below).[1]

[1] Some members of the FLSA Collective are also members of the State Law Class, including Named Plaintiff.

5. Named Plaintiff, the FLSA Collective, and the State Law Class now seek to exercise their rights to unpaid overtime wages and additional statutory liquidated damages in this matter (as applicable), other penalties, prejudgment and post-judgment interest (as applicable), costs and attorneys' fees incurred in prosecuting this action, the employer's share of relevant taxes, and such further relief as the Court deems equitable and just as a result of Defendant's companywide unlawful pay policies/practices as more fully described below.

## II. JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. *See* 29 U.S.C. § 216(b).

7. This Court also has supplemental jurisdiction over the OPPA claims because these claims arise from a common nucleus of operative facts. *See* 28 U.S.C. § 1367.

8. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to these claims occurred in the Northern District of Ohio, and Defendant has conducted substantial business in the Northern District of Ohio.

## III. PARTIES

### A. Named Plaintiff

9. Named Plaintiff is an individual, a citizen of the United States, and a resident of the State of Ohio.

10. During the three (3) years preceding the filing of this Complaint, Named Plaintiff has worked as an hourly, non-exempt employee for Defendant.

11. Named Plaintiff's Consent to Join Form is filed herewith, pursuant to 29 U.S.C. § 216(b), attached as **Exhibit A**, and is fully incorporated by reference herein.

**B. Defendant**

12. Defendant is a domestic limited liability company formed under the laws of the State of Ohio.

13. According to publicly available information, Defendant appears to be "[o]ne of the major players in metal and plastic packaging for food, beverages, and general use" and provides packaging solutions for these industries.

14. At all times relevant, Defendant has been an "employer" of Named Plaintiff and the FLSA Collective within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and has been an employer of Named Plaintiff and the State Law Class within the meaning of the OPPA.

15. Defendant employs many hundreds of hourly, non-exempt employees, including Named Plaintiff, the FLSA Collective, and the State Law Class in furtherance of its business purposes and operates multiple facilities, including, but not limited to operating facilities throughout Ohio, New Hampshire, Pennsylvania, New Jersey, California, and Texas.[2]

16. During the relevant time period preceding the filing of this Complaint, it is estimated that there are in excess of several hundred employees who are similarly situated to Named Plaintiff.

17. These hourly, non-exempt employees are all subject to the same or similar policies pertaining to computing hours worked and compensation.

18. At all times relevant, Defendant has been an enterprise within the meaning of 29 U.S.C. § 203(r). More specifically, Defendant performs related activities through unified operations and common control for a common business purpose.

[2] *See* https://www.envases.mx/en/find-locations/.

19. At all times relevant, Defendant has had direct or indirect control and authority over Named Plaintiff's, the FLSA Collective's, and the State Law Class's working conditions, including matters governing the essential terms and conditions of their employments.

20. At all times relevant, Defendant has exercised authority and control over Named Plaintiff, the FLSA Collective, and the State Law Class.

21. At all times relevant, Defendant has had the authority to (and currently does) hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain (or is otherwise required to maintain) employee records of Named Plaintiff, the FLSA Collective, and the State Law Class.

22. At all times relevant, Defendant is an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i), and its employees handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

23. During the preceding three (3) years, Defendant has had annual gross volume of sales made or business done of at least $500,000 (exclusive of excise taxes at the retail level that are separately stated) pursuant to 29 U.S.C. § 203(s)(1)(A)(ii).

24. As alleged herein, Defendant has applied policies and/or practices pertaining to the payment of wages, including overtime and other compensation, and timekeeping uniformly to its hourly, non-exempt employees.

25. Defendant retains operational control and managerial over significant aspects of the day-to-day functions of Defendant's facilities, including supervising and controlling work schedules and conditions of employment of Named Plaintiff, the FLSA Collective, and the State Law Class.

26. At all relevant times, Defendant has suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

27. At all times relevant, Defendant was fully aware of the fact that it was legally required to comply with federal wage and overtime laws.

## IV. FACTS

28. Named Plaintiff was employed by Defendant as an hourly, non-exempt employee in the position of general laborer from December, 2021 until January, 2025 at one of Defendant's facilities, labeled, "Envases USA Fremont,"[3] located at 4600 Oak Harbor Road, Fremont, Ohio 43420.

29. At all times relevant, Named Plaintiff has been an hourly, non-exempt employee.

30. In her position as an hourly, non-exempt worker, Named Plaintiff primarily performed job duties related to the manufacturing process.

31. At all times relevant, Named Plaintiff, the FLSA Collective, and the State Law Class were also hourly, non-exempt employees entitled to overtime compensation at the rate of one-and-one-half times (1.5x) their regular rate of pay for the hours they worked in excess of forty (40) each workweek. *See* 29 U.S.C. § 207.

32. At all times relevant, Named Plaintiff, the FLSA Collective, and the State Law Class have been non-exempt employees within the meaning of 29 U.S.C. § 203(e) and the OPPA.

33. At all times relevant, Named Plaintiff, the FLSA Collective, and the State Law Class have been employees engaged in commerce within the meaning of 29 U.S.C. § 207.

[3] *See* fn. 2 above, wherein all one has to do is click on the North America dropdown menu, then select the "Fremont" option, and the "Envases USA Fremont" facility will appear, including the address.

34. At all times relevant, Named Plaintiff, the FLSA Collective, and the State Law Class are entitled to timely paid overtime compensation at the rate of one-and-one-half times (1.5x) their regular rate of pay for the hours they worked in excess of forty (40) each workweek. 29 U.S.C. § 207.

35. Named Plaintiff, the FLSA Collective, and the State Law Class worked overtime hours during one or more workweek(s) during their employment with Defendant.

36. Like the other FLSA Collective and State Law Class members, Named Plaintiff worked more than forty (40) hours in one or more workweek(s). Defendant was aware that Named Plaintiff, the FLSA Collective, and the State Law Class worked overtime hours, but Defendant did not fully and properly pay them in accordance with the minimum requirements of the FLSA and Ohio law for all of their compensable overtime hours worked due at the correct overtime rates as a result of the companywide policies/practices described below.

37. Defendant consistently, willfully, and intentionally failed to pay Named Plaintiff, the FLSA Collective, and the State Law Class for all hours, including overtime hours, worked at the statutory overtime rate required. 29 U.S.C. § 207.

38. At all relevant times, Defendant maintained centralized payroll, timekeeping, and compensation policies that governed the manner in which hourly, non-exempt production and manufacturing employees were paid across Defendant's facility (or facilities).

39. Pursuant to these policies and practices, Defendant implemented uniform compensation and timekeeping practices that affected Named Plaintiff and other similarly situated employees in the same or similar manner.

40. At all relevant times, Named Plaintiff and other hourly production and manufacturing employees performed substantially similar job duties, were subject to the same

timekeeping and payroll systems, and were compensated pursuant to uniform compensation policies established and implemented by Defendant.

41. Upon information and belief, Defendant's payroll, timekeeping, and compensation practices were implemented pursuant to centralized corporate policies and procedures applicable to hourly, non-exempt employees working at Defendant's manufacturing facility (or facilities).

**(Defendant Failed to Pay Overtime at the Correct Rate)**

42. Defendant paid Named Plaintiff, the FLSA Collective, and the State Law Class on a weekly basis.

43. Defendant paid Named Plaintiff, the FLSA Collective, and the State Law Class a base hourly rate for all regular hours worked.

44. In addition to the base hourly rate, Defendant paid its hourly non-exempt employees one or more additional form(s) of nondiscretionary remuneration that must be included in the calculation of employees' regular rates of pay for overtime compensation calculation purposes.

45. Examples of additional forms of nondiscretionary remuneration include, but are not limited to, attendance bonuses for not missing work during the applicable workweek, and other forms of compensation that were based on objective, predetermined, and measurable criteria. These additional payments induced workers to work more efficiently, productively, or at undesirable hours; incentivized or encouraged Named Plaintiff and similarly situated workers to work more steadily, rapidly, and/or efficiently; and/or incentivized or encouraged its workers to remain with the company given its importance to the overall operation of Defendant's business (all types of nondiscretionary remuneration hereinafter "Additional Remuneration"). *See* 29 C.F.R §§ 778.207(b), 778.211(c); U.S. DEP'T OF LAB., *Fact Sheet # 56C: Bonuses under the Fair Labor Standards Act (FLSA)*, https://www.dol.gov/agencies/whd/fact-sheets/56c-bonuses (Dec. 2019).

46. The Additional Remuneration that does not qualify for exclusion but must be totaled with other earnings to determine the calculation of an employee's regular rate of pay for the purposes of computing overtime compensation. *See* 29 C.F.R. § 778.200.

47. Defendant informed, announced, and/or promised to Named Plaintiff, the FLSA Collective, and the State Law Class the non-discretionary Additional Remuneration upon hiring or otherwise during their employment. Named Plaintiff, the FLSA Collective, and the State Law Class expected to, and did, receive one or more forms of Additional Remuneration.

48. During the last three (3) years preceding the filing of this Complaint, Named Plaintiff, the FLSA Collective, and the State Law Class received or earned their base hourly rate in addition to the Additional Remuneration as described above in one or more workweek(s) when they worked more than forty (40) hours in a single workweek.

49. However, Defendant failed to fully include one or more forms of Additional Remuneration in calculating Named Plaintiff's, the FLSA Collective's, and the State Law Class's regular rates of pay for overtime purposes during workweeks when they worked overtime.

50. By way of providing one non-exhaustive example, during the workweek of June 2, 2024 through June 8, 2024, Named Plaintiff was paid a base hourly rate of $19.51 per hour. During this workweek, she worked at least forty (40) regular hours for which she earned $780.40 in gross regular wages. Named Plaintiff's overtime rate was $29.265 per hour because she also worked at least 4.25 hours of overtime for which she was paid $124.38 in gross overtime premium.

51. During the same June 2, 2024 through June 8, 2024 workweek, Named Plaintiff was paid a non-discretionary attendance bonus in the amount of $50.00. After dividing her overtime rate ($29.265) by 1.5x, it is exactly one-and-one-half times her base hourly rate. In other words, Defendant did not include the $50.00 attendance bonus when calculating her regular rate

of pay resulting in a *prima facie* violation of the FLSA and Ohio law. If Defendant had included the $50.00 attendance bonus in her regular rate of pay, her overtime rate would have been higher than $29.265 per hour.

52. Because Named Plaintiff worked overtime during this workweek, received non-discretionary incentive pay, and Defendant failed to include the $50 attendance bonus into her regular rate of pay purposes of calculating her overtime premium, there can be no dispute that Named Plaintiff was not fully compensated all overtime premium due as required by the FLSA and Ohio law.

53. Defendant applied this pay practice to Named Plaintiff, the FLSA Collective, and the State Law Class in the same or a similar manner at all of its facilities.

54. As a result of Defendant's companywide policy or practice of failing to include Additional Remuneration in the regular rate of pay for purposes of calculating overtime compensation, Named Plaintiff, the FLSA Collective, and the State Law Class were not fully and properly paid for all of their compensable overtime hours worked because Defendant did not correctly calculate their regular rates of pay for the purposes of meeting the minimum requirements set forth in the FLSA and Ohio law, which resulted in unpaid overtime wages.

55. Defendant's failure to compensate Named Plaintiff and the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employee's "regular rate[s]" of pay constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and Ohio law, which requires the timely payment of all wages, including overtime wages, that are earned and owed.

**(Defendant's Failure to Pay for All Overtime Hours Worked)**

56. In addition, Named Plaintiff and other similarly situated production/manufacturing employees were not fully and properly paid for all overtime wages during their employment with Defendant because Defendant maintained a policy of rounding its employees' hours worked down in Defendant's favor or otherwise reducing employees' total hours worked (hereinafter the "Time Rounding Policy").

57. In particular, Defendant requires its hourly, non-exempt production/manufacturing employees to clock in and out each day using a centralized timekeeping system that records exactly when an employee clocks in and out each day to keep track of their work hours.

58. After Named Plaintiff and other manufacturing/production workers clock in for the workday, they immediately begin performing pre-shift work, preparatory, and other job duties that are integral and indispensable to their production/manufacturing job duties.

59. Specifically, before their scheduled shift start time, Named Plaintiff and other similarly situated hourly production/manufacturing employees donned certain personal protective equipment/clothing ("PPE"), proceeded to their work area to engage in a shift relief process with the previous shift's workers, and performed other pre-shift preparatory work that was integral and indispensable to their jobs.

60. Although Named Plaintiff and other similarly situated hourly production/manufacturing employees performed pre-shift work, they were not paid until the scheduled shift start time.

61. Named Plaintiff, the FLSA Collective, and State Law Class could also not leave their work areas until they were relieved by the incoming shift because they engage in a similar shift relief process, which caused them to work beyond their scheduled end time of their shifts.

62. Despite utilizing a timekeeping system that records the exact time when an employee clocks in/out each day, Defendant's non-neutral Time Rounding Policy failed to pay for all hours worked.

63. Defendant has applied its Time Rounding Policy to systematically round employees' compensable work time down in Defendant's favor. Defendant's Time Rounding Policy results, over a period of time, in a failure to compensate its employees for all of the time that they actually worked in violation of the FLSA.

64. Defendant's failure to compensate Named Plaintiff and other similarly situated production/manufacturing employees, as set forth above, has resulted in unpaid overtime.

65. Defendant's Time Rounding Policy, as alleged herein, has denied Named Plaintiff and those similarly situated production/manufacturing employees compensable overtime hours and compensation to which they were entitled because the Time Rounding Policy requires its workers to clock in prior to the scheduled "start" of their shifts and they perform job duties that cause them to work beyond the scheduled "end" of their shifts, but the system rounds in Defendant's favor.

66. Defendant's policies described herein resulted in unpaid overtime for Named Plaintiff and other similarly situated hourly production/manufacturing employees.

67. During relevant times, Defendant has known of and acted willfully regarding its conduct described herein. Defendant knew or had reason to know that Named Plaintiff and others similarly situated worked overtime without compensation for all overtime hours worked as described herein.

68. The FLSA and state law, including Ohio law, require Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C.

§ 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); and Ohio Const. Art. II, § 34a.

69. For example, the FLSA requires employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. *See* 29 C.F.R. § 516.2.

70. Defendant kept records of hours worked or otherwise had the ability to accurately track hours worked through Defendant's hardware, software, and/or systems, by Named Plaintiff and other similarly situated hourly production/manufacturing employees.

71. However, because of Defendant's policies and practices described herein, Defendant failed to accurately track, keep, or transmit the hours worked each day by Named Plaintiff and other similarly situated hourly production/manufacturing employees.

72. Defendant willfully and intentionally transmitted inaccurate and/or incomplete records to payroll for compensation purposes. Defendant's failure to pay overtime at the correct rate and pay all overtime hours worked because of the Time Rounding Policy had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and other similarly situated hourly production/manufacturing employees.

73. Defendant willfully and intentionally did not correctly record and pay all hours worked in violation of the FLSA and violated the FLSA's recordkeeping requirements.

74. Upon information and belief, Defendant has applied these same policies to all of its hourly, non-exempt production/manufacturing employees.

75. As a result of Defendant's companywide policy and/or practice of rounding its employees' hours worked consistently to their detriment, Defendant knew or had reason to know that it was not compensating Named Plaintiff and other similarly situated production/manufacturing employees for all hours worked.

76. The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201–219, and resulted in the unlawful deprivation of wages of Defendant to the detriment of Defendant's employees, including Named Plaintiff, the FLSA Collective, and the State Law Class.

## V. COLLECTIVE AND CLASS ACTION ALLEGATIONS

### A. FLSA Collective Action for Unpaid Overtime Wages

77. Named Plaintiff brings Count I of this action on behalf of herself and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct as described herein.

78. The "FLSA Collective" to whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiff herself is a member, is composed of and defined as follows:

> **All of Defendant's current and former hourly production/manufacturing employees who were paid for 40 or more hours during one or more workweek(s) and who were: (1) paid Additional Remuneration with their Base Hourly Wage; or (2) subject to Defendant's Time Rounding Policy, beginning three (3) years preceding the filing of this Complaint and**

**continuing through the final disposition of this case ("FLSA Collective" or "FLSA Collective Members").** [4]

79. Such persons are "similarly situated" with respect to Defendant's FLSA overtime violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation at the correct regular rate of pay, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

80. Named Plaintiff and the members of the FLSA Collective, having willfully not been paid at least the federal overtime wage for the overtime hours they worked for Defendant pursuant to the common policies described herein, are "similarly situated" as that term is used in 29 U.S.C. § 216(b) and the associated decisional law. *See* 29 U.S.C. § 207.

81. Named Plaintiff and the members of the FLSA Collective have been similarly affected by the FLSA overtime violations in one or more workweek(s) during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all owed federal overtime wages.

82. Named Plaintiff and the members of the FLSA Collective have been damaged by Defendant's willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendant's willful FLSA violations, Named Plaintiff and the members of the FLSA Collective are similarly situated to each other in that they are all entitled to damages, including but not limited to unpaid wages, liquidated damages, costs, and attorneys' fees.

---

[4] Named Plaintiff reserves the right to amend the definition of to whom she seeks to have provided with Court-authorized notice based upon further investigation and discovery.

83. Throughout her employment with Defendant, Named Plaintiff was subjected to the same timekeeping and payroll policies and practices by Defendant that led to less overtime wages paid than overtime hours worked as were other members of the FLSA Collective.

84. Named Plaintiff is similarly situated to the members of the FLSA Collective and will prosecute this action vigorously on their behalf as well as her own.

85. This action is brought pursuant to 29 U.S.C. § 216(b) of the FLSA and seeks unpaid overtime compensation, liquidated damages, attorneys' fees, and costs. In addition to Named Plaintiff, numerous current and former non-exempt employees are similarly situated regarding their wages and claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as her own, in bringing this action.

86. Issuing notice to the FLSA Collective pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and allowing them to "opt in" to the same.

87. Named Plaintiff is entitled to send notice to all potential members of the FLSA Collective pursuant to Section 216(b) of the FLSA. Identification of potential members of the FLSA Collective is readily available from the timekeeping and compensation records, including timekeeping and payroll data, maintained by Defendant. For the purposes of notice and other things related to this action, the FLSA Collective's names, mailing addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA and decisional law.

88. Court-supervised notice pursuant to 29 U.S.C. § 216(b) to potential members of the FLSA Collective is appropriate because they have been subjected to the common business

practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including, *inter alia*, whether Defendant satisfied the FLSA's requirements for payment of statutory overtime wages.

89. Immediate, prompt notice of this matter to similarly situated persons pursuant to 29 U.S.C. § 216(b)—by Court order—is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and allowing them to "opt in" to the same.

90. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

91. The precise size and identity of the group of potential members of the FLSA Collective are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that it was required to maintain pursuant to the FLSA. Named Plaintiff cannot yet state the exact number of similarly situated persons but avers, upon information and belief, that the group of potential members of the FLSA Collective consists of approximately several hundred or more persons.

**B. Federal Rule of Civil Procedure 23 Class Action for Unpaid Wages**

92. Named Plaintiff brings Count II under Federal Rule of Civil Procedure 23 as a class action on behalf of herself and all other members of the State Law Class, defined as:

> **All of Defendant's current and former hourly production/manufacturing employees who were paid for 40 or more hours during one or more workweek(s) and who were: (1) paid Additional Remuneration with their Base Hourly Wage; or (2) subject to Defendant's Time Rounding Policy, beginning two (2) years preceding the filing of this Complaint and continuing through the final disposition of this case (the "State Law Class").**

93. The State Law Class, as defined above, is so numerous that joinder of all members is impracticable. Named Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of several hundred or more persons. The number of class members, as well as their identities, is ascertainable from the payroll and personnel records that Defendant maintained, and was required to maintain, pursuant to the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

94. Named Plaintiff is a member of the State Law Class, and her claims for unpaid wages are typical of the claims of other members of the State Law Class.

95. Named Plaintiff will fairly and adequately represent the State Law Class and the interests of all members of the State Law Class.

96. Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the State Law Class that she has undertaken to represent.

97. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the State Law Class. Named Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the State Law Class in this case.

98. Questions of law and fact are common to the State Law Class and predominate over any questions affecting only individual members. The questions of law and fact common to the State Law Class arising from Defendant's conduct include, without limitation:

(a) whether Defendant violated the OPPA by failing to timely and properly pay the State Law Class for all wages, including overtime wages, earned because of the violation(s) described herein;

(b) what amount of unpaid and/or withheld compensation is due to Named Plaintiff and the State Law Class on account of Defendant's violations of the OPPA;

(c) whether the unpaid and/or withheld compensation remains unpaid in violation of the OPPA;

(d) what amount of prejudgment interest, liquidated damages, and/or other monetary relief afforded by the OPPA is due to Named Plaintiff and the State Law Class on the overtime compensation, as applicable, or other entitled compensation that was withheld or not timely paid to them.

99. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to the non-exempt employees comprised by the State Law Class.

100. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the State Law Class, making class relief appropriate with respect to Named Plaintiff and the State Law Class.

101. Class certification is appropriate under Rule 23(b)(3) because the questions of law and fact common to the State Law Class predominate over questions affecting individual members of the State Law Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

102. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and members of the State Law Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Requiring the State Law Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many State Law Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case

as a class action pursuant to Rule 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

103. Named Plaintiff and counsel are not aware of any interfering pending litigation on behalf of the State Law Class as defined herein.

## VI. CAUSES OF ACTION

### COUNT I
### (29 U.S.C. § 207 – FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME COMPENSATION)

104. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

105. This claim is brought as a collective action by Named Plaintiff on behalf of herself and other members of the FLSA Collective against Defendant, which is comprised of individuals who may join this case pursuant to 29 U.S.C. § 216(b).

106. The FLSA requires that non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

107. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective.

108. Named Plaintiff and the FLSA Collective were paid as non-exempt employees.

109. During the three (3) years preceding the filing of this Complaint, Named Plaintiff and the FLSA Collective worked more than forty (40) hours in one or more workweek(s), but they were not fully paid for all overtime compensation as a result of one or more of Defendant's policies and/or practices as alleged above.

110. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to pay overtime for all hours worked over forty (40) hours in a workweek at

one-and-one-half times (1.5x) their regular rates of pay because of Defendant's companywide policies and/or practices described herein.

111. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective are entitled.

112. The exact total amount of overtime compensation that Defendant has failed to pay Named Plaintiff and the FLSA Collective is unknown at this time, as many of the records necessary to make such precise calculations are believed to be in Defendant's possession.

113. Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Named Plaintiff and the FLSA Collective overtime compensation. Defendant's deliberate failure to pay overtime compensation to Named Plaintiff and the FLSA Collective was neither reasonable nor in good faith. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

114. As a result of Defendant's willful violations of the FLSA, Named Plaintiff and the FLSA Collective were injured in that they did not receive all wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Named Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**COUNT II**
**(O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION)**

115. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

116. Named Plaintiff brings this claim on behalf of herself and the State Law Class who were not timely paid overtime because of Defendant's pay policies and/or practices alleged above in violation of the OPPA.

117. The OPPA encompasses two claims. First, a violation of any other wage statute (including the FLSA) triggers a failure to timely pay wages under the OPPA.

118. Second, the OPPA allows an employee to sue to recover liquidated damages if the wages due are not in dispute.

119. At all times relevant, Defendant was an entity covered by the OPPA, and Named Plaintiff and State Law Class have been employed by Defendant within the meaning of the OPPA.

120. The OPPA requires Defendant to pay Named Plaintiff and the State Law Class all wages, including overtime compensation, on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof *and* on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

121. As outlined above, Defendant did not, as required by O.R.C. § 4113.15(A), on or before the first day of each month, pay all wages earned by Named Plaintiff and the members of the State Law Class on or before the first day of each month, the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, *and* did not, on or before the fifteenth day of each month, pay these employees the wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(B).

122. As a result, there can be no dispute that Named Plaintiff's and the State Law Class members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

123. Defendant's violations of the OPPA, O.R.C. § 4113.15, injured Named Plaintiff and other State Law Class members in that they did not receive all wages due to them in a timely fashion as required by Ohio law.

124. Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Named Plaintiff and the members of the State Law Class all wages owed in a timely fashion as required by Ohio law. Defendant's deliberate failure to timely pay all compensation owed to Named Plaintiff, and the members of the State Law Class, was not reasonable, and the decision not to pay in accordance with O.R.C. § 4113.15 was not made in good faith. By engaging in these practices, Defendant violated Ohio law and regulations that have the force of law.

125. As a result of Defendant's violation of the OPPA, Named Plaintiff and the State Law Class members are entitled to unpaid wages and liquidated damages pursuant to O.R.C. § 4113.15.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff respectfully prays that this Honorable Court:

A. Promptly order Defendant to provide all relevant policies and procedures regarding timekeeping and compensation as well as all payroll, remuneration, timekeeping, and related records necessary to determine similarly situated individuals;

B. Promptly order Defendant to provide all contact information, including but not limited to names, dates of employment, mailing addresses, telephone numbers, and email addresses of the FLSA Collective;

C. Issue Court-approved notice to similarly situated persons, informing them of this action and their ability to opt in and become part of the FLSA Collective, as well as enabling them to join;

D. Toll the statute of limitations for all members of the FLSA Collective from the date on which this matter was initially filed until the date on which they file consents to join;

E. Certify this case as a class action pursuant to Rule 23 on behalf of Named Plaintiff and other members of the State Law Class and appoint counsel of record as class counsel;

F. Find that Defendant's wage and hour policies and/or practices, as alleged herein violate the FLSA and Ohio law;

G. Enter judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

H. Enter judgment against Defendant for damages for all unpaid compensation owed to Named Plaintiff and the State Law Class during the applicable statutory period and continuing through trial;

I. Enter judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

J. Award to Named Plaintiff, the FLSA Collective, and the State Law Class unpaid overtime compensation as to be determined at trial, together with any liquidated damages allowed by the OPPA as to the State Law Class;

K. Award to Named Plaintiff, the FLSA Collective, and State Law Class prejudgment interest, post-judgment interest, and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

L. Award to Named Plaintiff a service award for her efforts in remedying various pay policies/practices as outlined above;

M. Award to Named Plaintiff, the FLSA Collective, and the State Law Class attorneys' fees required for prosecution of this action, expert fees, and reimbursement of all costs and expenses;

N. Grant Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

O. Declare judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

P. Award such other and further relief as this Court may deem equitable, necessary, just, or proper.

Respectfully submitted,

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859), Trial Attorney
**BRYANT LEGAL, LLC**
4400 N. High St., Suite 310
Columbus, Ohio 43214
Phone: (614) 704-0546
Facsimile: (614) 573-9826
Email: dbryant@bryantlegalllc.com

Matthew B. Bryant (0085991)
Esther E. Bryant (0096629)
**BRYANT LEGAL, LLC**
3450 W Central Ave., Suite 370
Toledo, Ohio 43606
Telephone: (419) 824-4439
Facsimile: (419) 932-6719
Email: mbryant@bryantlegalllc.com
ebryant@bryantlegalllc.com

*s/ Ryan A. Winters*
Joseph F. Scott (0029780), Trial Attorney
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221 F: (440) 846-1625
11925 Pearl Rd., Suite 308
Strongsville, Ohio 44136
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Named Plaintiff and other members of the proposed FLSA Collective and proposed Rule 23 class*

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Daniel I. Bryant*
Daniel I. Bryant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of March, 2026, a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's ECF system.

*/s/ Daniel I. Bryant*
Daniel I. Bryant